# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY LEO NELSON,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>WARDEN MATTHEW CATE,<br><br>　　　　　　Respondent. | 1:09-cv-01945-JLT HC<br><br>ORDER DISMISSING AMENDED PETITION FOR FAILURE TO STATE A CLAIM FOR WHICH HABEAS RELIEF CAN BE GRANTED<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a habeas corpus petition pursuant to 28 U.S.C. § 2254. On November 5, 2009, Petitioner filed his original petition. (Doc. 1). On November 13, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 5).

In the original petition, Petitioner alleged that he was convicted upon a nolo contendere plea in the Superior Court of Fresno County of committing lewd acts on a minor and oral copulation and sentenced to a prison term of twelve years. (Id., p. 1; 6). Petitioner pursued his direct appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA") in case number F054706, which conducted a "Wende"[1] review and affirmed the judgment.

---

[1] People v. Wende, 25 Cal.3d 436 (1979).

Subsequently, Petitioner filed a Petition for Review in the California Supreme Court that was denied on May 13, 2009. (Id.). In the original petition, Petitioner asked this Court to examine the state court's "Wende review" and determine whether Petitioner's sentence was excessive for a "first offense." The original petition provided no further information or contentions beyond than those set forth above.

After a preliminary screening of the original petition, the Court, on January 13, 2010, ordered Petitioner to file an amended petition. (Doc. 7). The Court explained to Petitioner that claiming a wrongful denial of a Wende review did not raise a substantive federal claim upon which habeas relief could be predicated. On February 3, 2010, Petitioner filed his amended petition. (Doc. 8). In that amended petition, Petitioner once again raises a single issue related to the denial of Wende review in the California state courts. However, Petitioner adds that such a denial was a violation of due process.

## DISCUSSION

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Conclusory allegations which are not supported by a statement of specific facts do not

1   warrant habeas relief.   James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Notice pleading is

2   insufficient; Petitioner must state sufficient facts.  See id. (citing Blackledge v. Allison ,431 U.S.

3   63, 75 n. 7 (1977)).

4        In his amended petition, Petitioner once again challenges the decision of the state courts

5   affirming his conviction and twelve-year sentence based upon a Wende review.  The filing of a

6   Wende brief by appellate counsel for a criminal defendant notifies the state appellate court that

7   appellate counsel has been unable to find any arguable appellate issues, thus obligating the state

8   appellate court to conduct an independent review of the entire appellate record to determine

9   whether there are any arguable issues which should be raised on appellant's behalf.   Wende,

10   supra, 25 Cal.3d at p. 442.  By affirming Petitioner's conviction and sentence, the 5th DCA and

11   the California Supreme Court implicitly held that no arguable appellate issues could be found.

12        A claim, such as the instant claim in the amended petition, that merely challenges a

13   Wende review is insufficient to state a federal claim.  Petitioner, by claiming a defective Wende

14   review, has not articulated any specific federal constitutional claim.  To the contrary, he is merely

15   asserting that the state courts erred in concluding that they could find no arguable claim, not that

16   they erred in reviewing a specific legal claim properly brought before the state courts.  In other

17   words, the mere inability to find an arguable claim is not a cognizable federal habeas claim by

18   itself.  By asking this Court to review such a state court determination, Petitioner is effectively

19   asking this Court to review a claim that, by definition, the state courts could not find.  This the

20   Court cannot do.

21        Nor does the addition in the amended petition of a contention that Petitioner was denied

22   due process remedy the claim's inherent defects.  Merely placing a "due process" label on an

23   alleged violation does not entitle Petitioner to federal relief.  Langford v. Day, 110 F.3d 1386,

24   1388-89 (1996).  Broad, conclusory allegations of unconstitutionality are insufficient to state a

25   cognizable claim.  Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937

26   F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not

27   entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106

28   (9th Cir.1999), citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to

1    broad constitutional principles, such as due process, equal protection, and the right to a fair trial,

2    are insufficient to establish exhaustion).

3          In sum, Petitioner has failed to articulate a claim that the state court determination as to

4    specific legal claims was contrary to or an unreasonable application of clearly established federal

5    law as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1), (2).  Since

6    Petitioner has failed to state a claim upon which federal habeas relief can be granted, the

7    Petitioner will be dismissed.

8          Finally, the Court declines to issue a certificate of appealability.  The requirement that a

9    petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court

10   of Appeals from having to devote resources to frivolous issues, while at the same time affording

11   petitioners an opportunity to persuade the Court that, through full briefing and argument, the

12   potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir.

13   2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to

14   appeal a district court's denial of his petition, and an appeal is only allowed in certain

15   circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28

16   U.S.C. § 2253, provides as follows:

17        (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
          judge, the final order shall be subject to review, on appeal, by the court of appeals for the
18        circuit in which the proceeding is held.
          (b) There shall be no right of appeal from a final order in a proceeding to test the validity
19        of a warrant to remove to another district or place for commitment or trial a person
          charged with a criminal offense against the United States, or to test the validity of such
20        person's detention pending removal proceedings.
          (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
21        not be taken to the court of appeals from--
               (A) the final order in a habeas corpus proceeding in which the detention
22             complained of arises out of process issued by a State court;  or
               (B) the final order in a proceeding under section 2255.
23        (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
          made a substantial showing of the denial of a constitutional right.
24        (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
          or issues satisfy the showing required by paragraph (2).
25

26         Accordingly, final orders issued by a federal district court in habeas corpus proceedings

27   are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a

28   petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a

certificate of appealability when a petitioner makes a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must

establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

> In the present case, the Court finds that Petitioner has not made the required substantial
showing of the denial of a constitutional right to justify the issuance of a certificate of
appealability.   Reasonable jurists would not find it debatable that Petitioner has not shown an
entitlement to federal habeas corpus relief.  Accordingly, the Court hereby declines to issue a
certificate of appealability.

## **ORDER**

> Accordingly, it is HEREBY ORDERED that:

1.   The amended petition for writ of habeas corpus (Doc. 8), is DISMISSED for
     failure to state a claim upon which habeas relief can be granted;

2.   The Clerk of the Court is DIRECTED to enter judgment and close the file; and

3.   The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:  **March 14, 2010**                              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE